UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEANINE RENEE BROWN,

                  Plaintiff,

v.

STATE OF MICHIGAN et al.,

                  Defendants.

_____/

Case No. 1:26-cv-924

Honorable Jane M. Beckering

### **OPINION**

This is a civil rights action brought by a *pro se* Plaintiff under 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff proceeds *in forma pauperis*, the Court is required to dismiss the action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). At this stage in the proceedings, the Court must read Plaintiff's *pro se* complaint indulgently and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### **Discussion**

### **I.**     **Factual Allegations**

The Plaintiff in this action is Jeanine Renee Brown. (Compl., ECF No. 1, PageID.1.) In her complaint, Plaintiff identifies herself as "the mother and legal next friend of Robert Taylor Brown, MDOC #742378" and states that she "holds a durable power of attorney and medical power of

attorney for Mr. Brown." (*Id.*, PageID.4.) During the period relevant to the present complaint, Mr. Brown was incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan.[1] (*See id.*) In this action, Plaintiff seeks to bring claims on her own behalf, as well as on behalf of Mr. Brown.

Plaintiff sues the State of Michigan, the MDOC, and IBC. (*Id.*, PageID.3, 4.) Plaintiff also sues IBC Warden Unknown Party #1, IBC Warden's Administrative Assistant Aaron J. Vroman, IBC Correctional Officer Unknown Martinez, and IBC Correctional Officers John/Jane Does 1–10. (*Id.*, PageID.3, 5.)

Plaintiff alleges that on March 1, 2026, Mr. Brown submitted to IBC "written safety concerns stating that prison staff had placed a hostile inmate in [Mr. Brown's] cell and that the situation posed a risk of escalating violence," and "Defendants failed to take adequate measures to protect Mr. Brown from harm." (*Id.*, PageID.5–6.) Plaintiff claims that on several occasions in March of 2026, IBC staff canceled her visits with Mr. Brown "without notice, explanation, or due process." (*Id.*, PageID.6.) Plaintiff also alleges that prison staff deprived Mr. Brown of "meaningful procedural protections" when they placed Mr. Brown in "temporary segregation on direct observation status – a status that carries significant restrictions of his movement, communication, visitation, and access to normal prison programming." (*Id.*, PageID.6–7.)

Further, Plaintiff alleges that on "no fewer than four" occasions, Defendant Martinez "subjected Plaintiff to invasive and degrading pat-down searches as a condition of visitation at [IBC]." (*Id.*, PageID.7.) Finally, Plaintiff claims that Defendants failed to protect Mr. Brown from

---

[1] Mr. Brown is presently incarcerated with the MDOC at the Earnest C. Brooks Correctional Facility. *See* https://mdocweb.state.mi.us/OTIS2/Search (enter "742378" for the "Offender Number" and select "Search") (last visited June 5, 2026).

harm when prison staff refused to transfer Mr. Brown to an in-patient behavioral care or residential treatment center "to address [Mr. Brown's] safety and mental health needs." (*Id.*)

Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. (*See id.*, PageID.10.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.       Plaintiff's Claims on Behalf of Son, Robert Taylor Brown: Counts 1, 2, 5, and 6[2]**

"In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted); *see Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010); *Barber v. Overton*, 496 F.3d 449, 457–58 (6th Cir. 2007); *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984) ("Section 1983 creates a cause of action for deprivation of civil rights," and "[b]y its own terminology, the statute grants the cause of action 'to the injured party.'" (footnote omitted)). "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Claybrook*, 199 F.3d at 357 (citation omitted).

Furthermore, federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides, "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and

---

[2] In Counts 5 and 6, Plaintiff presents claims on her son's behalf, as well as claims on her own behalf. The portions of Counts 5 and 6 that present Plaintiff's claims on her own behalf are addressed below.

conduct causes therein." *Id.* (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only with respect to his or her own claims. Only a licensed attorney may represent other persons in § 1983 actions. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).

Here, Plaintiff brings this action pursuant to § 1983 for the "Defendants' deliberate indifference to the safety and serious medical needs of Robert Taylor Brown" and for claims related to Mr. Brown's incarceration at IBC, as alleged in Counts 1, 2, 5, and 6. (Compl., ECF No. 1, PageID.4, 7–9.) It does not appear that Plaintiff is a licensed attorney, and as a layperson, Plaintiff may only represent herself with respect to individual claims and may not act on behalf of her son.

Further, the complaint is signed by Jeanine Renee Brown (Plaintiff) alone, and she signed on her own behalf. Although Plaintiff may have a durable power of attorney and a medical power of attorney for Mr. Brown, this does not authorize Plaintiff to practice law by representing Mr. Brown in this action. *See, e.g.*, *Kapp v. Booker*, No. Civ. A. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006) (explaining that a wife's power of attorney for her husband "d[id] not authorize her to practice law by representing another person, her husband, in a lawsuit: that must still be done by a licensed attorney").

Moreover, to the extent that Plaintiff seeks to proceed on Mr. Brown's behalf as his next friend, even assuming, without deciding, that proceeding as a next friend was available to Plaintiff in this § 1983 action, Plaintiff fails to demonstrate that Mr. Brown is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability." *Whitmore v.*

*Arkansas*, 495 U.S. 149, 163–64 (1989) (citations omitted). Indeed, while incarcerated, Mr. Brown has previously filed § 1983 lawsuits on his own behalf. *See, e.g.*, *Brown v. Martino*, No. 1:25-cv-556 (W.D. Mich.); *Brown v. Klotz*, No. 1:19-cv-11509 (E.D. Mich.); *Brown v. Synder*, No. 2:19-cv-11325 (E.D. Mich.).

In short, Mr. Brown is not a plaintiff in this action because he did not sign the complaint, and Plaintiff is not authorized to practice law by representing Mr. Brown in this lawsuit. Therefore, the Court cannot grant the relief sought by Jeanine Renee Brown on behalf of Robert Taylor Brown.

Accordingly, Plaintiff's claims that are based on the alleged violation of Mr. Brown's rights, as set forth in Counts 1, 2, 5, and 6, will be dismissed.[3]

### B.    Claims Brought by Plaintiff on Her Own Behalf: Counts 3, 4, 5, and 6[4]

#### 1.    Claims Against Defendants MDOC, IBC, and State of Michigan

Plaintiff names the MDOC, IBC, and the State of Michigan as Defendants; however, Plaintiff does not name Defendants MDOC, IBC, and the State of Michigan in the factual allegations. (Compl., ECF No. 1, PageID.1, 3–4, 5–7.) Defendants MDOC, IBC, and the State of Michigan are subject to dismissal for this reason alone. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

---

[3] Plaintiff also filed at least one motion seeking relief on behalf of Mr. Brown. (*See* ECF No. 16 (seeking Mr. Brown's transfer or release from custody).) As set forth herein, Plaintiff may not represent Mr. Brown in this action, and therefore, Plaintiff may not bring motions on Mr. Taylor's behalf. Accordingly, the Court will deny Plaintiff's motion on Mr. Brown's behalf (ECF No. 16) without prejudice as improperly filed.

[4] In this case, Plaintiff specifically sets forth the claims that she intends to bring in this suit in numbered counts. Because Plaintiff specifically identified the claims she intends to bring in this suit, the Court does not construe Plaintiff's complaint to raise any additional claims.

Moreover, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, IBC is not a separate entity capable of being sued. *See, e.g.*, *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934 (W.D. Mich. Oct. 28, 2013) (discussing that "individual prisons named as Defendants . . . (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners," and "[t]hey are not the proper public entity for suit"); *Poole v. Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009) ("Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not . . . legal entities subject to suit . . . ."). And, the State of Michigan and the MDOC are not "persons" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding a state is not a "person"); *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will* and holding that MDOC is not a "person.").

Accordingly, for these reasons, Plaintiff fails to state any claims against Defendants MDOC, IBC, and the State of Michigan upon which relief may be granted.

### 2. Claims Against Defendant IBC Warden Unknown Party #1

With respect to Defendant IBC Warden Unknown Party #1, Plaintiff fails to name this Defendant in the factual allegations of the complaint. (Compl., ECF No. 1, PageID.5–7.) It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore*, 92 F. App'x at 190; *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint

did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Moreover, to the extent that Plaintiff seeks to hold Defendant IBC Warden Unknown Party #1 liable due to his supervisory position, government officials, such as Defendant IBC Warden Unknown Party #1, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any facts showing that Defendant IBC Warden Unknown Party #1 encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for these reasons, all of Plaintiff's claims against Defendant IBC Warden Unknown Party #1 will be dismissed for failure to state a claim.

### 3.    Count 3: Fourteenth Amendment Due Process Claim Regarding Prison Visits

Plaintiff alleges that Defendants violated her Fourteenth Amendment procedural due process rights when her visits with her son, a state prisoner, were canceled on several occasions without proper notice. (Compl., ECF No. 1, PageID.8.)

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

As relevant to Plaintiff's claim that her due process rights were violated when her visits with her son, a state prisoner, were canceled on several occasions, "[t]he Due Process Clause has not been held to guarantee an interest in prison visitation." *Pfender v. Sec'y Penn. Dep't of Corr.*, 443 F. App'x 749, 752 (3d Cir. 2011) (citing *Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989), which "reject[ed] [the] notion that 'unfettered visitation is guaranteed directly by the Due Process Clause,'" and *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003), which discussed "that

'freedom of association is among the rights least compatible with incarceration'"). Accordingly, Plaintiff fails to state any Fourteenth Amendment procedural due process claims against Defendants for her canceled visits at IBC.[5]

### 4.   Count 4: Fourth Amendment Claim Regarding Searches Before Prison Visitations

In Count IV, Plaintiff alleges that Defendant Correctional Officer Unknown Martinez violated Plaintiff's Fourth Amendment rights by conducting pat-down searches of Plaintiff's person "as a condition of visitation at [IBC]." (Compl., ECF No. 1, PageID.7, 8.) Plaintiff claims that Defendant Martinez's "repeated, targeted, inappropriate pat-down searches of Plaintiff on no fewer than four occasions [that] exceeded any legitimate security justification and constituted unreasonable searches in violation of the Fourth Amendment and Plaintiff's rights under 42 U.S.C. § 1983." (*Id.*, PageID.8–9.)

"Visitors can be subjected to some searches, such as a pat-down or a metal detector sweep, merely as a condition of visitation, absent any suspicion." *Spear v. Sowders*, 71 F.3d 626, 630 (6th Cir. 1995). In this case, Plaintiff alleges in a conclusory manner that the pat-down searches of her person upon entering the prison were "invasive" and "conducted in a manner that was inappropriate, humiliating, and beyond the scope of legitimate correctional security procedures," but Plaintiff alleges no facts to support her conclusory assertions that the pat-down searches, which Plaintiff states occurred on a limited number of occasions, went beyond routine pat-down searches. (Compl., ECF No. 1, PageID.7, 8–9.) And, as noted above, visitors to prisons, such as Plaintiff,

---

[5] Plaintiff also filed several motions for emergency temporary restraining orders requesting that the Court enjoin Defendants from interfering with her visitation at IBC during the pendency of this action. (ECF Nos. 7, 8, 9.) As set forth herein, the Court will dismiss this action for failure to state a claim. Therefore, Plaintiff's requests for the Court to enjoin Defendants from taking certain actions during the pendency of the action will be denied as moot.

can be subjected to pat-down searches "as a condition of visitation, absent any suspicion." *Spear*, 71 F.3d at 630.

Under these circumstances, Plaintiff fails to state a Fourth Amendment claim regarding the pat-down searches of her person "as a condition of visitation" at IBC.

### 5.    Count 6: Civil Conspiracy Claims

Plaintiff alleges that Defendants engaged in a civil conspiracy in violation of 42 U.S.C. § 1985. (*See* Compl., ECF No. 1, PageID.9.)

To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3),[6] a plaintiff must show the following four elements: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)); *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). Moreover, a plaintiff must allege that there existed "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *see also Collyer*, 98 F.3d at 233. Plaintiff fails to allege sufficient facts to suggest that

---

[6] Subsections (1) and (2) of § 1985 do not apply. Subsection (1) is inapplicable because Plaintiff does not allege a conspiracy to interfere with federal officers in the performance of their duties. *See* 42 U.S.C. § 1985(1). The first clause of subsection (2) is also inapplicable because Plaintiff does not allege that Defendants conspired to influence parties, witnesses, or jurors in federal court proceedings. *See* 42 U.S.C. § 1985(2). In addition, the second clause of subsection (2) is inapplicable because Plaintiff does not allege that Defendants conspired to "interfere with due process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006).

11

Defendants' alleged actions were motivated by Plaintiff's membership in a distinct class. Therefore, Plaintiff's § 1985 claims will be dismissed.[7]

### Conclusion

For the reasons set forth above, the Court determines that Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2). Plaintiff's remaining pending motions (ECF Nos. 7, 8, 9, 15, and 16) in this action will be denied without prejudice. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

An Order and Judgment consistent with this Opinion will be entered.

Dated:      June 10, 2026                          /s/ Jane M. Beckering
                                                   Jane M. Beckering
                                                   United States District Judge

---

[7] In addition to the motions addressed above, Plaintiff filed an "Emergency Supplemental Motion [for] Ongoing Biohazard and Toxic Mold Exposure," regarding Plaintiff's own housing conditions. (Suppl. Mot., ECF No. 15.) Because Plaintiff's allegations in the motion are unrelated to the allegations in Plaintiff's complaint, the Court will deny the motion.